[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiffs instituted the present action against the administratrix of the estate of their grandmother and allege that both grandparents executed mutual and reciprocal wills, pursuant to an agreement that each would bequeath their respective estates to the survivor of them; that if there were no survivor, the entire estate would be devised and bequeathed to their surviving children; and that, in the event that a child should not survive leaving issue, the issue of such predeceased child would take the share of such predeceased child. The plaintiffs further allege that their grandfather died leaving a will in accordance with that agreement. However, the plaintiffs claim that the grandmother, after the death of their mother, executed a will, in breach of the agreement, devising and bequeathing her estate to their aunt. The defendant has moved for summary judgment asserting that, on the basis of the answer to requests to admit, the plaintiffs do not possess a copy of the purported reciprocal will and do not know of location of such will. The defendant claims that the execution of mutual wills and a subsequent revocation of such a will does not support a cause of action CT Page 5919 in the absence of an agreement not to revoke citing Lamberg v. Callahan,455 F.2d 1213 (2nd Cir. 1972). The defendants have also filed an affidavit by the attorney who drafted the will which left the balance of the estate to the aunt which states that the grandmother never told him about a prior will.
The plaintiffs have filed affidavits stating that the grandmother told the affiants on several occasions, in clear and convincing language, that they had executed similar wills on November 18, 1968 pursuant to an agreement between them and that their wills were not to be changed since it was the wish of both that upon the death of both, their assets would be left equally to their two children.
On a Motion for Summary Judgment, the court does not decide issues of fact, but only decide whether such issues exists. The affidavits filed by the plaintiffs raise questions of fact that should not be determined on a motion for summary judgment. See, Take and LaPlante's Handbook of Connecticut Evidence, 2d Ed. 1988, Section 11.13.4.
Accordingly, the Motion for Summary Judgment is denied.
RUSH, J.